No. 24-2387

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

IN RE: BROILER CHICKEN ANTITRUST LITIGATION

END USER CONSUMER PLAINTIFF CLASS,
*Plaintiff-Appellee*

v.

TYSON FOODS, INC.,
*Defendants*

APPEAL OF: JOHN ANDREN, *Objector*

U.S. District Court for the Northern District of Illinois, Eastern Division
The Honorable Thomas M. Durkin / No. 1:16-cv-08637

**APPELLEE'S RESPONSE TO OBJECTOR-APPELLANT JOHN
ANDREN'S INSTANTER MOTION TO FILE APPENDIX
*VOLUME TWO* TEMPORARILY UNDER SEAL**

Steve W. Berman
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Second Avenue, Suite
2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Brent W. Johnson
COHEN MILSTEIN SELLERS &
TOLL, PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, DC 20005
Telephone: (202) 408-4600
bjohnson@cohenmilstein.com

*Counsel for Plaintiff-Appellee End User Consumer Plaintiff Class*
[Additional counsel on signature block]

# I.    INTRODUCTION

Plaintiff-Appellee End User Consumer Plaintiff Class does not oppose unsealing the Sealed Appendix of Objector-Appellant John Andren ("Sealed Appendix"), ECF No. 13-2, except for the following items:

- Exhibit A Chart (A243-A246)

- Exhibit B Chart (A247-A254)

- Amended Exhibit A (A259-A263)

For the reasons discussed below, these pages should remain sealed in a redacted public version of Andren's Sealed Appendix (Volume Two). Appellee does not oppose unsealing Exhibit E, at pages A255-A258.

In the first appeal on attorney fees two years ago, the same sealing issue arose on a record, for present purposes, not materially different from the record the Court will consider in this appeal. As the Court ruled at that time, if not kept sealed for the duration, these exhibits should remain temporarily sealed until full briefing of the merits.[1]

---

[1] *In re Broiler Chicken Antitrust Litig.*, No. 22-2889, ECF No. 31 (7th Cir. Jan. 23, 2023) (ordering that Andren's "sealed appendix should include only the two district court exhibits identified in appellee's response" and, further, "[t]he merits panel may reconsider whether these two documents should remain sealed after full briefing and argument") (copy attached as Exhibit A).

## II.   ARGUMENT

### A.   Sealing of pages A243-A246 (Exhibit A), A247-A254 (Exhibit B) and A259-A263 (Amended Exhibit A) is warranted.

This is Andren's second appeal concerning attorney fees. Last year, although "express[ing] no preference as to the amount or structure of the award," this Court vacated and remanded the initial fee award for further proceedings. *In re Broiler Chicken Antitrust Litig.*, 80 F.4th 797, 805 (7th Cir. 2023). On remand, after additional briefing and oral argument, the District Court entered a new fee award. SA1-SA15.

Appellee End User Consumer Plaintiff Class is a certified settlement class consisting of tens of millions of persons or entities in 24 states and District of Columbia. A21. The fees were awarded to the attorneys who, after years of contentious litigation, obtained settlements (as relevant to this appeal) totaling $181 million. SA10. The two firms awarded fees served as Co-Lead Counsel: Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC. A22.

As part of the briefing on attorney fees, Hagens Berman and Cohen Milstein filed, "under seal" at the District Court's direction, detailed financial information concerning prior attorney fee awards received in antitrust actions. A29-A30, A243-A262. As in Andren's first appeal, this

information falls within the "trade secrets" exception to public access and, therefore, it is appropriately treated as confidential.[2]

Courts recognize that a private firm's financials can be trade secrets.[3] As Andren observes, some information in the documents here is public, but this is not determinative: "Even if **all** of the information is publicly available, a unique compilation of that information, which adds value to the information, also may qualify as a trade secret."[4]

---

[2] *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013) (holding district court abused its discretion in refusing to seal parties' confidential financial information); *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) (discussing trade secrets exception).

[3] *See Apple Inc.,* 727 F.3d at 1225 n.3 ("We think it likely that the detailed financial information Apple and Samsung seek to seal would meet the Restatement's relatively broad definition of 'trade secret'—'any ... compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'"); *Disher v. TAMKO Bldg. Prods., Inc.*, 2017 WL 11676817, at *1 (S.D. Ill. Apr. 4, 2017) (granting motion to seal exhibits containing trade secrets) ("Potential trade secret information can include technical or nontechnical data, a formula, pattern, **compilation**, program, method, **financial data**, or list of actual or potential customers or suppliers.") (emphasis added) (citing *Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 721 (7th Cir. 2003)); *see also Complete Logistical Servs., LLC v. Rulh*, 350 F. Supp. 3d 512, 519 (E.D. La. 2018); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. Of Durango*, 2009 WL 4730471, at *1 (D. Colo. Dec. 7, 2009); *Webster Eng'g & Mfg. Co. v. Francis*, 1993 WL 406025, at *4 (D. Kan. Sept. 1, 1993).

[4] *Cap. Asset Rsch. Corp. v. Finnegan*, 160 F.3d 683, 686 (11th Cir. 1998) (emphasis added).

Indeed, a trade secret includes, as here, a "compilation of information" used in a "trade or business that gives the holder of the information a competitive advantage."[5] The "economic value" of the information collected in the three exhibits (pages A243-A246, A247-A254 and A259-A263) would be undermined by unnecessary disclosure.[6]

Competing law firms, and potential defendants, would have access to sensitive financial information bearing on each law firm's ability to fund, entirely on contingency, expensive and high-stakes class actions like this one.[7] Many of the numbers are public, but there is no document in the public domain, for either Hagens Berman or Cohen Milstein, gathering and presenting the information in the manner the District Court directed to address Andren's objection.

The Court next weighs "the moving party's interest in privacy and the public's interest in transparency."[8] Without discounting the public interest

---

[5] *Schwimmer v. Presidio Indus. LLC*, 2011 WL 13089398, at *6 (N.D. Tex. Feb. 11, 2011).

[6] *Baxter*, 297 F.3d at 547.

[7] Even where not technically trade secrets, "documents may be sealed merely if they are 'sources of business information that might harm a litigant's competitive standing.'" *Apple Inc.*, 727 F.3d at 1225 n.3 (citing *Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 598 (1978)).

[8] *United States v. Sanford-Brown, Ltd.*, 788 F.3d 696, 712 (7th Cir. 2015).

in transparency, the privacy interest of Hagens Berman and Cohen Milstein, given the nature of the information, is manifest. This Court "may protect properly confidential matters by using sealed appendices"—in this appeal, by sealing just three exhibits from a mammoth district court record.[9]

## B. Given entanglement with merits arguments, deferring the sealing issue until the merits briefing is complete is also appropriate.

In its upcoming merits brief, Appellee expects to contend that the three exhibits do not have the relevance that Andren would attach to them. Andren's assertion in his motion to seal that these exhibits "appear central to the appeal," and determining whether the District Court acted within its discretion, is in fact contested.[10] Further, Appellee disagrees with Andren's partisan characterizations of the merits.[11] Keeping in mind that "brevity is extremely important" in motion practice, however, Appellee will address the merits later in its Appellee's Brief.[12]

---

[9] *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

[10] Objector-Appellant John Andren's Instanter Mot. to File App. Vol. Two Temporarily Under Seal at 4, ECF. No. 13-1.

[11] *Id.* at 2-3.

[12] Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit at 100 (2020 ed.).

Importantly for disposing of this motion, Andren's focus on the substance of his appeal illustrates that sealing cannot be decided without considering full briefing on the merits. Evaluating Andren's arguments for unsealing "would require an analysis of the record, thus duplicating work that would be required for deciding the merits of the appeal."[13]

Under these circumstances, if not sealed for the duration of the appeal, the three exhibits (pages A243-A246, A247-A254 and A259-A263) should remain temporarily sealed. At a minimum, this Court should consider the "factual and legal questions" related to sealing "with the benefit of a more complete understanding of the record."[14] Where sealing is intertwined with the merits, as here, sealing has been left to the merits stage of the appeal.[15]

---

[13] *Wiesmueller v. Kosobucki*, 547 F.3d 740, 741 (7th Cir. 2008) (Posner, J., in chambers); *see also Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (Easterbrook, J., in chambers) (expressing concern about "number of judges who must dig through the record and understand the legal issues" to decide motions).

[14] *Whitlock v. Brueggemann*, 682 F.3d 567, 573-74 (7th Cir. 2012).

[15] *See United States ex rel. Nelson v. Career Educ. Corp.*, No. 14-2506, ECF No. 46 at 2 (7th Cir. Jan. 7, 2015) (ordering that sealing motion "shall be TAKEN WITH THE CASE for resolution by the assigned merits panel"). In that appeal, like this one, the party urging disclosure argued that contested "exhibits go directly to the merits of the case and pertain to key issues in dispute." *Id.*, ECF No. 44-1 at 2 (7th Cir. Jan. 2, 2015). At the merits stage, however, the Court later granted sealing. *See Sanford-Brown*, 788 F.3d at 712-14.

As reiterated in Andren's cited authority, there is a "presumption of public access to judicial records" but, as also reiterated there, trade secrets are an exception.[16] In this case, the prejudice to the law firms from immediate disclosure, before consideration of the merits, is readily apparent. Once information is disclosed over a party's objection, as Andren invites at this early stage, it is "too late to put the genie back into the bottle."[17]

## III. CONCLUSION AND RELIEF SOUGHT

For the reasons given, Appellee does not oppose unsealing Andren's Sealed Appendix, except for the three exhibits at pages A243-A246, A247-A254 and A259-A263, which should remain sealed. Alternatively, rather than unsealing these pages at this early stage of the appeal, these pages should remain temporarily sealed until after full briefing on the merits.

DATED: Nov. 25, 2024      Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/    Steve W. Berman*
        STEVE W. BERMAN

Breanna Van Engelen
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000

---

[16] *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013).

[17] *Eagle Compressors, Inc. v. HEC Liquidating Corp.*, 206 F.R.D. 474, 480 (N.D. Ill. 2002) (attorney work product doctrine).

Seattle, WA  98101
Telephone: (206) 623-7292
steve@hbsslaw.com
breannav@hbsslaw.com

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Kevin K. Green
HAGENS BERMAN SOBOL SHAPIRO LLP
533 F Street, Suite 207
San Diego, CA  92101
Telephone: (619) 929-3340
keving@hbsslaw.com

Brent W. Johnson
Benjamin D. Brown
Daniel H. Silverman
Alison Deich
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue NW
Suite 500, West Tower
Washington, DC  20005
Telephone: (202) 408-4600
bjohnson@cohenmilstein.com
bbrown@cohenmilstein.com
dsilverman@cohenmilstein.com
adeich@cohenmilstein.com

*Counsel for Plaintiff-Appellee End User
Consumer Plaintiff Class*

## CERTIFICATE OF COMPLIANCE

I hereby certify that:

1.      This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,569 words, as calculated by the word processing system used to prepare the document.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface of 14 points or more.

DATED: November 25, 2024

                               */s/ Steve W. Berman*
                                STEVE W. BERMAN

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2024, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ Steve W. Berman*
STEVE W. BERMAN
